### In re WINKELS.

(District Court, W. D. Wisconsin. August 11, 1904.)

#### No. 56.

1. **BANKRUPTCY—PROVABLE DEBTS—WAGES EARNED BY WIFE IN HUSBAND'S EMPLOY.**

 Neither the common law, nor the statute of Wisconsin (Rev. St. 1898, § 2343), which provides that "the individual earnings of every married woman, except those accruing from labor performed for her husband, or in his employ, or payable by him, shall be her separate property, and shall not be subject to her husband's control, or liable for his debts," entitles a wife to prove against the estate of her husband in bankruptcy, as against creditors, a claim for wages earned while employed by him in his business.

In Bankruptcy. On question certified by referee.

J. M. Reed, for claimant, Kate Winkels.
W. P. Crawford, for trustee G. H. Winsor.

BUNN, District Judge. The question certified to this court by the referee is whether a claim of the wife of the bankrupt, based on an express contract with the husband for services as a bookkeeper in the store of the bankrupt, should be allowed. The evidence shows, and the referee found, that the wife, Kate Winkels, had, previous to the adjudication in bankruptcy, worked for her husband as bookkeeper in his store, and that her wages as such at $35 per month amounted to the sum of $2,555. The decision of the referee was that this claim should be allowed in favor of the wife, as against the creditors of the bankrupt. I cannot think this ruling is correct. On the contrary, it seems to me to overturn both the common law and the statute. It was never the rule at common law that the wife could withdraw from the bankrupt's estate, as against the creditors, money belonging to the estate, on the claim of its being earned by the wife while in the employ of the husband. The allowance of such a principle would be dangerous, as opening the door to fraud. It is not contended that such was ever the common law. But the statute of Wisconsin under which this claim is made seems clearly and unequivocally to affirm the common-law rule. While the statute is very liberal toward married women, in

allowing them to receive and hold property from any person other than the husband, there is no intimation of any change in the common law that could affect this question. Section 2342, Rev. St. Wis. 1898, provides:

"Sec. 2342. Any married female may receive by inheritance, or by gift, grant, devise or bequest from any person other than her husband, and hold, to her sole and separate use, and convey and devise, real and personal property, and any interest or estate therein of any description, including all held in joint tenancy with her husband, and the rents, issues and profits in the same manner, and with like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband nor be liable for his debts."

Section 2343 provides as follows:

"Sec. 2343. The individual earnings of every married woman, except those accruing from labor performed for her husband, or in his employ, or payable by him, shall be her separate property, and shall not be subject to her husband's control, or liable for his debts."

This section, while allowing the wife her earnings as separate property earned in the employ of any person other than her husband, clearly and positively excepts earnings accruing from labor performed for her husband, or in his employ, or payable by him. It is difficult to see how language could be made plainer.

This case comes squarely within all three of the exceptions named in the statute. The labor for which the claim for wages is made was performed for her husband. She was admittedly in her husband's employ. Her wages were to be paid by him, and it is on these grounds that she is claiming them here as against the creditors. It is contended that the exceptions referred to the earnings of the wife while in the ordinary care of the household. But if the Legislature meant to change the rule of the common law, it would have said so. Such a construction is a strained one, and does violence to the plain language of the statute. The wife, while engaged in the ordinary duties of the household in keeping the house and taking care of children, cannot be said to be in the employ of her husband, nor under his monthly pay. I have never heard of such contracts. But if, in addition to her household duties, she works in his employ by the month as bookkeeper, she is manifestly in his employ, and paid by him. The statute evidently contemplates just such cases as the one at bar, and there would seem to be no objection to them, so long as they do not interfere with the rights of creditors. Decisions in Illinois and Indiana have been referred to by claimant's counsel. But they were under quite different statutes, and are not authority.

The decision of the referee affirming the claim of the wife for $2,555 will be overruled.